IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CLARENCE T. FOX, JR.,

    Petitioner,

v.                                    CASE NO. 1:89-cr-1018-MP-GRJ

UNITED STATES OF AMERICA,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Petition to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Doc. 1359.) Petitioner was sentenced in 1990 in this Court to life imprisonment and 240 months' imprisonment, to run concurrently, and five years of supervised release for conspiracy to distribute and possession with intent to distribute cocaine and crack cocaine. (Doc. 1, at 28.) Defendant has filed at least three previous motions under 28 U.S.C. § 2255 attacking his drug convictions. (Doc. 1190, Report and Recommendation recommending summary dismissal of Petitioner's Rule 60(b) motion as an impermissible successive § 2255 motion and noting that Petitioner had filed three previous § 2255 motions and two motions under 28 U.S.C. § 2241.)

The instant petition—Petitioner's fourth motion under § 2255—again attacks the sentence imposed by this Court. Petitioner is barred from seeking § 2255 relief at this time on his claims. He was previously denied § 2255 relief and may not file a successive petition under § 2255 without prior certification from the Eleventh Circuit. 28

U.S.C. §§ 2255(h), 2244(b)(3); *see Villanueva v. United States*, 346 F.3d 55 (2nd Cir. 2003) (habeas or § 2255 petition that is properly dismissed as time-barred constitutes an adjudication on the merits for successive purposes). Even then, a successive petition will not be allowed absent newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h). The record does not indicate that Petitioner has sought or been granted leave by the appellate court to file a successive motion to vacate and thus, review in this Court is foreclosed.

This is Petitioner's fourth filing under § 2255 without authorization from the Eleventh Circuit, and his eighth attack on his conviction and sentence. Petitioner is cautioned that another filing without leave may result in the imposition of sanctions, which may include monetary penalties or a prohibition on further filings without leave of the Court.

Accordingly, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, Doc. 1359, be **DISMISSED**.

**IN CHAMBERS** this 11th day of December 2012.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.